CICHON *v*. WOLFF.

NEGLIGENCE — SHOWS — TITLE—OWNERSHIP OF AMUSEMENT—EVIDENCE.

> Evidence, in an action for personal injuries sustained on a roller coaster, that one of the defendants was present, that the amusement park was called by his name and he assisted in starting the car in which plaintiff rode, was insufficient to prove the ownership of defendant copartnership.

Error to Wayne; Donovan, J. Submitted April 15, 1915. (Docket No. 126.) Decided June 7, 1915.

Case by Mary Cichon against Samuel Wolff and another for personal injuries. Judgment for plaintiff. Defendants bring error. Reversed.

*A. W. Sempliner*, for appellants.

*Samuel H. Crowl*, for appellee.

OSTRANDER, J. The action is trespass on the case to recover damages for personal injuries which plaintiff claims to have received while riding on a roller coaster, so called, at a certain place of amusement in the city of Detroit June 24, 1906. In her declaration plaintiff describes defendants as copartners doing business as Wolff & Son, alleges that the defendants owned, controlled, and operated the said roller coaster, and that, paying a sum of money charged therefor, she accepted their invitation to ride, and rode, thereon. Defendants offered no testimony, but moved for a directed verdict, assigning, among other reasons, that no testimony had been introduced tending to prove that defendants owned, controlled, or operated the roller coaster. The motion was denied.

The ruling is assigned as error. It does not appear that any exceptions were taken at the trial. Request was made for an instruction that the jury must be satisfied by a preponderance of the evidence that Wolff & Son was a partnership and owned, controlled, and operated the roller coaster. This the court did not give and said nothing to the jury upon the subject. The record contains the substance of all the testimony given upon the trial, as appears by the certificate of the trial judge. It does not disclose more to connect either defendant with the occurrence than this, that Maurice Wolff was there, that the place was called Wolff's Park, and that Maurice personally had something to do with starting the car in which plaintiff took her ride. It is contended, also, there is no testimony tending to prove the negligence of either defendant. There appears to be ground for this contention.

We are impressed that, in view of the state of the record, we should not attempt to decide whether from the testimony the negligence of defendants may be inferred, if they in fact owned, controlled, and operated the roller coaster, inviting the public, for a consideration, to ride thereon. The trial judge should at least have given the above indicated instruction.

The judgment is reversed, and a new trial ordered.

BROOKE, C. J., and McALVAY, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.